**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 08-21708-CIV-COOKE/BANDSTRA**


**BERNARDO PILATTI,**
**and other similarly-situated individuals,**

    **Plaintiff(s)**

**vs.**

**GOL TV, INC.,**
**and RODRIGO LOMBELLO,**

    **Defendants.**
_____/

**AMENDED COMPLAINT**

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, and other similarly-situated individuals, by and through the

undersigned counsel, and sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the
   laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor
   Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional
   placement)("the Act").

2. Plaintiff, BERNARDO PILATTI, is a resident of Dade County, Florida, within
   the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for
   purposes of the Act.

3. Defendants GOL TV, INC. and RODRIGO LOMBELLO are a Florida
   corporation and a Florida resident, respectively, having their main place of

business in Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendant resides in Dade County, Florida.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST GOL TV, INC.**

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-

Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.   Defendant **GOL TV, INC.'s** business activities involve those to which the Fair Labor Standards Act applies.   The Defendant is a **television station** and, through its business activity, affects interstate commerce.   The Plaintiff's work for the Defendant likewise affects interstate commerce.   Plaintiff was employed by Defendant as a **webmaster** for the Defendant's business.

8. While employed by Defendant, Plaintiff worked an average of **65 (Sixty Five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.  Plaintiff was employed as a **webmaster** performing the same or similar duties as that of those other

similarly-situated **webmasters** who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

9. Plaintiff was paid an average of **$19.80** an hour from **September 2002 to March 25, 2008** but has never been compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

   a. Total amount of alleged unpaid wages:

   **One Hundred Fifteen Thousand, Eight Hundred Thirty Dollars ($115,830.00)**

   b. Calculation of such wages:

   a. **$29.70** (OT rate per/hour) x **25 hours** of overtime per week **= $742.50** per week; **$742.50** (OT owed per week) x **156 weeks = $115,830.00** in unpaid overtime wages.

   b. Nature of wages (e.g. overtime or straight time):

   c. This amount represents unpaid **overtime** wages.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant

to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, Defendant **RODRIGO LOMBELLO** was, and is now, the Director and/or owner of Defendant Corporation.  Defendant **RODRIGO LOMBELLO** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.   Defendant **RODRIGO**

**LOMBELLO** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

14. Defendant **GOL TV, INC.** willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **GOL TV, INC.** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## <u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST
## RODRIGO LOMBELLO

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the

annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

19. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **RODRIGO LOMBELLO's** business activities involve those to which the Fair Labor Standards Act applies. The Defendant is the Chief Operating Officer of the **television station** and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant likewise affects interstate commerce.  Plaintiff was employed by Defendant as a **webmaster** for the Defendant's business.

20. While employed by Defendant, Plaintiff worked an average of **65 (Sixty Five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.  Plaintiff was employed as a **webmaster** performing the same or similar duties as that of those other similarly-situated **webmasters** who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

21. Plaintiff was paid an average of **$19.80** an hour from **September 2002 to March 25, 2008** but has never been compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week.  Plaintiff seeks to recover

for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

    c. <u>Total amount of alleged unpaid wages</u>:

        **One Hundred Fifteen Thousand, Eight Hundred Thirty Dollars ($115,830.00)**

    d. <u>Calculation of such wages</u>:

    d. **$29.70** (OT rate per/hour) x **25 hours** of overtime per week = **$742.50** per week; **$742.50** (OT owed per week) x **156 weeks** = **$115,830.00** in unpaid overtime wages.

    e. <u>Nature of wages (e.g. overtime or straight time)</u>:

    f. This amount represents unpaid **overtime** wages.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time

and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, Defendant **RODRIGO LOMBELLO** was, and is now, the Director and/or owner of Defendant Corporation.  Defendant **RODRIGO LOMBELLO** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.   Defendant **RODRIGO LOMBELLO**  had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

16. Defendant **RODRIGO LOMBELLO**  willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages

since the commencement of Plaintiff's employment with Defendant as set forth above.

17. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **RODRIGO LOMBELLO** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## <u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>COUNT III:</u>
<u>GOL TV, INC.'S FEDERAL STATUTORY VIOLATION: RETALIATORY</u>
<u>DISCHARGE OF BERNARDO PILATTI  PURSUANT TO 29 U.S.C. 215(A)(3).</u>

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

19. This action arises under the laws of the United States.

20. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

21. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

22. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

23. Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Defendant **GOL TV, INC.** is a **television station** and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendants likewise affects interstate commerce.   Plaintiff worked as a **webmaster** while employed by the Defendants.

24. Plaintiff **BERNARDO PILATTI** worked an average of **Sixty Five (65)** hours per week for Defendants from on or about **September 2002 to March 2008** Defendants fired Plaintiff on or about **March 25, 2008**.  Plaintiff seeks to recover

for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

25. Plaintiff was paid an average of **$19.80** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

26. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

27. Throughout plaintiff's employment, plaintiff complained about overtime wages to the Defendant and in March 2008 the Defendant terminated the Plaintiff.

28. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been terminated but for his complaint for overtime wages.

29. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment against the Defendant **GOL TV, INC.**, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and

humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years

of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C.  Plaintiff demands a trial by jury as to each count of this complaint.


### COUNT IV:
### RODRIGO LOMBELLO'S FEDERAL STATUTORY VIOLATION:
### RETALIATORY DISCHARGE OF BERNARDO PILATTI PURSUANT TO 29
### U.S.C. 215(A)(3).

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29

of this complaint as if set out in full herein.

31. This action arises under the laws of the United States.

32. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C.

§§ 201-219 (section #216 for jurisdictional placement) as well as the Florida

Constitution that vests this action within a court of competent jurisdiction.

33. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of

$5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a)

(1)].

34. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more

than forty hours in any work week, the employer must compensate the employee

for hours in excess of forty at the rate of at least one and one half times the

employee's regular rate…"

35. Defendants' business activities involve those to which the Fair Labor Standards

Act applies.  The Defendant **GOL TV, INC.** is a **television station** and, through

its business activity, affects interstate commerce.  The Plaintiff's work for the

Defendants likewise affects interstate commerce.  Plaintiff worked as a **webmaster** while employed by the Defendants.

36. .At the times mentioned, Defendant **RODRIGO LOMBELLO** was, and is now, the Director and/or owner of Defendant Corporation.

37. Plaintiff **BERNARDO PILATTI** worked an average of **Sixty Five (65)** hours per week for Defendants from on or about **September 2002.** Defendants fired Plaintiff on or about **March 25, 2008**.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. Plaintiff was paid an average of **$19.80** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

39. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Throughout plaintiff's employment, plaintiff complained about overtime wages to the Defendant and in March 2008 the Defendant terminated the Plaintiff.

41. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been terminated but for his complaint for overtime wages.

42. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C.

215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, requests that this Honorable Court:

D.  Enter judgment against the Defendant **RODRIGO LOMBELLO**, for all back

wages from the date of discharge to the present date and an equal amount of back

wages as liquidated damages, attorney's fees, costs, and;

E.  Reinstatement and promotion and injunctive relief prohibiting the Defendants

from discriminating in the manner described above, emotional distress and

humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years

of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

F.  Plaintiff demands a trial by jury as to each count of this complaint.


Dated:  July 28th, 2008.

                                        Respectfully submitted,

                                        **ZANDRO E. PALMA, P.A.**
                                        3100 South Dixie Highway
                                        Suite 202
                                        Miami, FL 33133
                                        Telephone:     (305) 446-1500
                                        Facsimile:     (305) 446-1502
                                        zep@thepalmalawgroup.com

                                        By:  **_/s/ Zandro E. Palma_____**
                                              Zandro E. Palma, Esq.
                                              Florida Bar No.: 0024031

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 28th, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated:  July 28th, 2008.

Respectfully submitted,

_/s/ Zandro E. Palma_
ZANDRO E. PALMA, ESQ.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
3100 South Dixie Highway
Suite 202
Miami, Florida 33133
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
*Attorney for Plaintiff*

## <u>SERVICE LIST</u>
## <u>CASE NO. 08-21708-CIV-COOKE/BANDSTRA</u>

ENA T. DIAZ
ediaz@shb.com
Shook, Hardy & Bacon, LLP
Miami Center – Suite 2400
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Attorneys for Defendants
Gol TV, Inc. and Francisco Casal


ZANDRO E. PALMA
zep@thepalmalawgroup.com
Zandro E. Palma, P.A.
3100 South Dixie Highway, Suite 202
Miami, Florida 33133
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502

Attorney for Plaintiff
Bernardo Pilatti